NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 18-1221

PHILIP TIENE,

Appellant

v.

LAW OFFICE OF J SCOTTT WATSON PC;
DREXEL UNIVERSITY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.: 2-17-cv-02683)
District Judge: Honorable Robert F. Kelly

Argued November 7, 2018

Before: AMBRO, SCIRICA, and RENDELL, Circuit Judges

(Opinion filed  November 29, 2018)

Predrag Filipovic, Esquire (Argued)
Mellon Bank Center
1735 Market Street
Philadelphia, PA   19103

Counsel for Appellant

Monica M. Littman, Esquire
Richard J. Perr, Esquire (Argued)
Fineman, Krekstein & Harris
Ten Penn Center
1801 Market Street
Suite 1100
Philadelphia, PA   19103

    Counsel for Appellee

O P I N I O N[*]

**RENDELL**, <u>Circuit Judge</u>

  Philip Tiene appeals from the District Court's order granting summary judgment in favor of Law Office of J. Scott Watson P.C. ("JSW") and Drexel University (collectively, "Appellees") and denying his discovery motions and motion for leave to amend his complaint.  He also appeals the District Court's declination to exercise supplemental jurisdiction over his state law claim.  For the reasons set forth below, we will affirm in part and reverse and remand in part.

**I. BACKGROUND**[1]

  In seeking to collect on delinquent tuition payments, Drexel University uses students' contact information listed in its "Banner System."  Students are responsible for ensuring that their information in this database is current.  While enrolled as a student at Drexel, Tiene first entered his address in the Banner System as 7 Woodcrest Road,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write for the parties, who are familiar with the facts and the procedural posture to date, we only include what is necessary to explain our decision.

Boonton, New Jersey 07005 (the "Boonton Address"). He confirmed this address a number of times.

When Tiene failed to pay $7,881.73 in tuition, late fees, and other administrative fees, Drexel hired a collection agency, ConServe, to seek collection of the balance. After being contacted by ConServe, Tiene telephoned Drexel about his bill and provided a new address to the school, which was recorded in the Banner System as his billing address. Also during that conversation, Drexel agreed to put any collection activity on hold pending a formal meeting to discuss his bill. When Tiene failed to meet with the school, Drexel resumed that activity.

In order for its law firm, JSW, to send collection letters to Tiene and other debtors, Drexel provided JSW with a "placement sheet" containing its debtors' contact information. That sheet listed Tiene's address as the Boonton Address. JSW sent Tiene two collection letters to that address, neither of which were returned as undeliverable. Because Tiene did not respond to these letters, JSW filed suit against him in Philadelphia Municipal Court, seeking a total of $10,596.35—$7,881.73 in unpaid tuition, $2,624.62 in attorney's fees, and $90.00 in court costs. JSW served the complaint at the Boonton Address via regular mail and certified mail with return receipt requested. The copy sent via regular mail was not returned to JSW, while the copy with return receipt requested was sent back as unclaimed.

Tiene did not appear for a hearing in Municipal Court on the complaint. As a result, the Municipal Court Judge entered default judgment against him in the full amount

alleged by Drexel. JSW sent a letter to the Boonton Address notifying Tiene of the default judgment and attempting to collect on it (the "Collection Letter").

Shortly thereafter, Tiene petitioned the Municipal Court to open the default judgment, alleging that Drexel "knowingly served process at the wrong, out of state address, where [Tiene] does not reside, in order to avoid [the] personal service requirement in Philadelphia County and obtain a [judgment] by default." At a hearing on the petition, the Municipal Court Judge found that Drexel did not engage in any intentional misconduct when it served Tiene at the Boonton Address. Nonetheless, the Municipal Court Judge vacated the default judgment, allowing the case to proceed. At the subsequent trial on the merits, the Municipal Court Judge again entered judgment for Drexel in the full amount sought.

Tiene initiated this lawsuit in federal court, alleging a violation of the Fair Debt Collection Practices Act (the "FDCPA") against JSW and a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law against Drexel. Tiene's FDCPA claim includes allegations of (1) false and deceptive service of the Municipal Court complaint, (2) false and deceptive statements to the Municipal Court during the default judgment proceeding, (3) false and deceptive statements in the Collection Letter, and (4) improper opposition to Tiene's petition to open the default judgment when it allegedly knew that that judgment had been procured using incorrect information.

After discovery, Appellees moved for summary judgment, and, shortly thereafter, Tiene filed a motion for leave to amend his complaint. The District Court denied Tiene's motion and granted Appellees'. In addressing Tiene's motion, the District Court found

that Tiene had a dilatory motive in moving for leave to amend at this stage in the litigation and, therefore, denied that motion. With regard to Appellees' motion for summary judgment, the District Court first found that the *Rooker-Feldman* doctrine barred Tiene's claims to the extent that they challenge "whether attorney's fees were unreasonable and excessive and whether Drexel improperly charged Tiene with certain fees." A. 15. Next, the Court held that Tiene's allegation of false and deceptive service of process was barred by Pennsylvania preclusion law. Finally, in a footnote, the District Court found that the Collection Letter did not misrepresent the default judgment amount and, therefore, did not violate the FDCPA. The District Court also declined to exercise supplemental jurisdiction over Tiene's UTPCPL claim and denied his outstanding discovery motions as moot. Tiene timely appealed from this order.

## II. DISCUSSION[2]

Tiene challenges the District Court's order granting summary judgment in favor of Appellees, denying his motion for leave to file an amended complaint, denying his discovery motions, and declining to take supplemental jurisdiction over his remaining Pennsylvania state law claim.

### a. Grant of Summary Judgment for Appellees

We review a district court's grant of summary judgment *de novo*. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018). Summary judgment is warranted if the moving party establishes "that there is no genuine dispute as to any material fact and

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291.

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view all facts "in the light most favorable to the non-moving party" and draw all reasonable inferences in that party's favor. *Jutrowski*, 904 F.3d at 289.

### i. Tiene's Allegations of Deceptive Service of Process and Misconduct in Opposing his Petition to Open the Default Judgment

Tiene argues that the District Court erred in holding that *res judicata* bars his claim of deceptive service of process and his claim "based on Appellees' post default judgment conduct in vigorously opposing [his] position to [v]acate the default judgment . . ."[3] Br. for Appellant at 1. Because we agree that the District Court erred in holding that collateral estoppel applies to prohibit his deceptive service of process claim and because the District Court did not address his latter allegation, we will remand his FDCPA claim on both of these issues.

The prior judgment at issue in this case occurred in Pennsylvania state court. Therefore, we use Pennsylvania law to determine the extent of the preclusive effect of the Municipal Court judgment. *See Swineford v. Snyder Cty.*, 15 F.3d 1258, 1266 (3d Cir. 1994). Under that law, collateral estoppel applies to bar relitigation of an issue if:

> (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue

---

[3] Throughout his brief, Tiene characterizes the District Court's holdings as pursuant to *res judicata* rather than collateral estoppel. Although the District Court discussed *res judicata* in its holding, it made clear that its grant of summary judgment was based on collateral estoppel.

> in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50–51 (Pa. 2005) (citation omitted).

The District Court held that collateral estoppel applied to Tiene's deceptive service of process claim based on the following statement by the Municipal Court judge during the hearing on Tiene's petition to open the default judgment:

> I am going to—listen, not for the reason you stated in terms of whether or not I believe—I do not believe that [Tiene] was intentionally not notified. I believe that [Appellees] used information available to them, and it might have even been supplied by [Tiene]. So, I am putting that on the record, but I am going to grant the petition, I am going to vacate the prior judgment and we are going to have a hearing.

D.A. 167. Although the Municipal Court's finding may meet the first four elements of collateral estoppel, its determination that Appellees did not intentionally serve Tiene at the wrong address was not essential to its judgment at that hearing, i.e., vacating the default judgment. In fact, its finding was contrary to this ultimate judgment. Therefore, the fifth and final element is not met, and we will remand to the District Court for further proceedings on this claim.

### ii. Tiene's Collection Letter Claims

Tiene also appeals the District Court's dismissal of his FDCPA allegations regarding the Collection Letter. In his complaint, Tiene alleges that four parts of the Collection Letter violate the FDCPA: (1) the Collection Letter misrepresented the amount of debt at issue; (2) it listed the case caption as "Drexel University Tuition v. Philip

Tiene," when the actual case caption is "Drexel University v. Philip Tiene"; (3) it omits the letters "SC" from the docket number so that it reads "1701255579," rather than "SC 1701255579"; and (4) it does not identify the court in which judgment was entered. On appeal, Tiene only challenges dismissal of this claim on the latter three issues. Because the District Court only addressed the first of these issues and not those that Tiene raises on appeal, we will remand to allow it to address these claims in the first instance.

### b. Denial of Appellant's Motion to Amend

Tiene challenges the District Court's denial of his motion for leave to amend his complaint. We review a denial of a motion to amend for abuse of discretion. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013). Although district courts are to liberally give leave to amend "when justice so requires," Fed. R. Civ. P. 15(a), they are justified in denying such a motion when it is brought with "undue delay, bad faith, dilatory motive, prejudice, [or] futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The District Court found that Tiene's request to amend his complaint at the summary judgment stage was an act with "a dilatory motive" or "an effort to prolong litigation." A. 12 (citation and internal quotation marks omitted). In doing so, it highlighted the fact that Tiene would not amend to "add or subtract any parties" or to "add or subtract any of the causes of action from the Original Complaint." A. 12. Instead, he stated that he would merely "weed[] out certain allegations that may be superfluous and unnecessary" and "provid[e] more factual support for the necessary claims." A. 694. Given the timing of this motion and that the amended complaint would

8

not substantially differ from the initial complaint, the District Court did not abuse its discretion in denying the motion for leave to amend, and we will affirm.

### c. Tiene's Remaining Claims and Motions

Tiene also appeals the District Court's denial of his discovery motions as moot and its refusal to exercise supplemental jurisdiction over his Pennsylvania state law claim against Drexel. Because we will remand to the District Court, his discovery motions may no longer be moot, and the Court should consider whether these motions warrant relief in the first instance. For the same reason, it should reconsider whether to exercise supplemental jurisdiction over Tiene's Pennsylvania state law claim.

### III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's denial of Tiene's motion for leave to amend his complaint. We will reverse the grant of summary judgment for Appellees on Tiene's FDCPA claim to the extent it alleges false and deceptive service of process; misconduct in opposing the opening of default judgment; and misstatements of the case caption, case number, and court in the Collection Letter. We will direct the District Court to consider Tiene's discovery motions and to reconsider whether to exercise supplemental jurisdiction over his Pennsylvania state law claim. We will remand for further proceedings consistent with this opinion.